UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――――――――――

FAYE ROBYN O'NON

        Petitioner,                         Case No. 1:10-CV-841

v.                                          HON. ROBERT J. JONKER

BARBARA SAMPSON,

        Respondent,
_____/

**ORDER**
**ADDRESSING REPORT AND RECOMMENDATION**

        The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 30). Petitioner, through counsel, has filed an Objection (docket # 31). Respondent has also filed an Objection (docket # 32).

        Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified. 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981).

After a jury trial, Petitioner was convicted in state court on two counts: perjury in a court proceeding involving a capital case, and witness tampering. Petitioner filed her original habeas petition on August 24, 2010. She thereafter completed her sentence and was discharged from parole on September 3, 2010. Petitioner's filings do not detail any claims of ongoing adverse consequences sufficient to present a live controversy, but the Court believes there are consequences of Petitioner's former custodial status that has put the matter in issue sufficiently to preclude dismissal of this matter as moot. *See Carafas v. LaVallee*, 391 U.S. 234 (1968). *But cf. Lane v. Williams*, 455 U.S. 624 (1982); *D.S.A. v. Circuit Court Branch 1*, 942 F.2d 1143, 1153-55 (7th Cir. 1991) (Easterbrook, J., dissenting). The Magistrate Judge recommended that Petitioner's conviction of perjury be set aside, but that in all other respects the habeas petition be denied. After a de novo review of the record, the Court approves the Report and Recommendation in part, and rejects it in part.

**I.      Petitioner's Objections**

Petitioner objects to the Magistrate Judge's recommendation that claims I, II, IV, and V of the amended habeas petition be denied, and that claim III be denied in regards to Petitioner's conviction for witness tampering only. Petitioner's objections, however, do little more than reassert claims and arguments that were already considered and rejected by the Magistrate Judge. The Court has thoroughly examined the Magistrate Judge's analysis and finds his recommendations on these issues factually sound and legally correct. Accordingly, the Court adopts the Report and Recommendation's analysis on these claims.

**II.     Respondent's Objections.**

Respondent Sampson objects to the Magistrate Judge's recommendation that Petitioner's conviction of perjury be set aside. Specifically, the United States argues that the Report and Recommendation's analysis is inconsistent with the correct standard of review for these claims (docket #32, Page ID 378), and that under a proper review the Petitioner's conviction for perjury must stand. The Report and Recommendation finds two separate perjury issues: Whether there was sufficient evidence to support the conviction, and whether the trial court properly instructed the jury on the perjury charge. After its de novo review, the Court finds that the Magistrate Judge's analysis does not correctly apply the highly deferential standard for evaluating state-court decisions. Because the Court concludes that a rational trier of fact could have found the essential elements of perjury beyond a reasonable doubt, the Petitioner is not entitled to habeas relief on her perjury conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The Court reviews claims that have already been adjudicated by a state court under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In relevant part, the statute states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).

### A. There Was Sufficient Evidence to Convict Petitioner of Perjury

Under an AEDPA review, Petitioner cannot make a case for habeas relief on her perjury conviction. Petitioner claims that there was insufficient evidence offered at trial to support her conviction for perjury under Count 1 (docket #5, Page ID 40-41). But, as the Magistrate Judge stated, however, "Petitioner . . . neither addresses the elements of perjury under Michigan law nor provides any legal authority in support of her position." Rather petitioner merely provides a portion of the transcript and states this was insufficient (docket # 30, Page ID 267). That is not enough. The conclusory allegations contained in Petitioner's motion are insufficient to justify habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d, 759, 771 (6th Cir. 1998). And under the record here, a federal court is not required to construct legal arguments for Petitioner, especially when she is represented by counsel.

The record as it stands, however, is more than sufficient for a Court to find, under the AEDPA and *Jackson* standard, that a rational jury could find there was evidence beyond a reasonable doubt sufficient to convict Petitioner for perjury. At Petitioner's trial, the prosecution produced a transcript of Petitioner's prior testimony made under oath. Petitioner was testifying in a murder case where her son was the defendant. Prior testimony at her son's trial stated that Petitioner's son bought tarps in preparation for murder. But when Petitioner testified, she stated she directed her son to purchase the tarps to transport wood chips (see docket 30, Page ID 271). Petitioner and the

Magistrate Judge quibble with whether the transcript shows Petitioner made a false statement. But, viewing the statement in the light most favorable to the prosecution, the Court finds that it was not irrational for the jury to determine this was a false statement. Accordingly, Petitioner is not entitled to habeas relief on her perjury conviction.

### B.  Petitioner Cannot Succeed on an Improper Instruction Claim

The Magistrate Judge finds a second issue with Petitioner's conviction of perjury, that of an improper instruction to the jury. The United States objects to the Magistrate Judge's analysis, arguing that the issue was never raised in the state courts and was not included in the habeas petition. The Magistrate Judge finds the second perjury claim in a sub-heading of Petitioner's amended habeas petition (see docket #30, Page ID 280-81). Assuming that this is a related claim, it merely makes a conclusory allegation with no supporting facts or law. As mentioned, *supra,* this is insufficient to succeed on a habeas claim, especially when a Petitioner is represented by counsel, as is the case here.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Consequently, this Court has examined O'Non's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of O'Non's claims was debatable or wrong with respect to the objections O'Non raised. However, with respect to the sufficiency of evidence on the perjury conviction, the difference of opinion between Magistrate Judge Brenneman and this Court is sufficient to demonstrate a reasonable basis for debate. Thus, the Court will grant O'Non a certificate of appealability on the issue of the sufficiency of evidence for the perjury conviction, and deny a certificate of appealability in all other respects.

## Conclusion

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket #30) is approved in part and rejected in part, consistent with this Order.

**IT IS FURTHER ORDERED** that Petitioner's habeas petition is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** a certificate of appealability on the sole issue of the sufficiency of the evidence for the perjury conviction, and **DENIED** a certificate of appealability in all other respects.

A separate judgment will issue.


Dated:     September 5, 2014            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE